JOSEPH P. RUSSONIELLO (CABN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

JAMES C. MANN (CABN 221603)
Assistant United States Attorney

   1301 Clay Street, Suite 340-S
   Oakland, California 94612
   Telephone:  (510) 637-3705
   Facsimile:  (510) 637-3724
   E-Mail:     James.C.Mann@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR-07-0809 DLJ |
| Plaintiff, | GOVERNMENT'S SENTENCING MEMORANDUM |
| v. | **Sentencing Date: August 8, 2008, 10:00 a.m., The Honorable D. Lowell Jensen** |
| DAVID GARCIA-GONZALEZ, | |
| Defendant. | |

     The United States of America requests that Defendant David Garcia-Gonzalez be sentenced to 64 months imprisonment, the middle of the applicable United States Sentencing Guidelines ("Guidelines") range, and three years of supervised release, and ordered to pay a $100 special assessment.

**<u>INTRODUCTION</u>**

     Defendant pleaded guilty to a single-count indictment alleging that he illegally reentered the United States following deportation in violation of Title 8, United States Code, section 1326. Although the United States agrees with the Guidelines calculations set forth in the Presentence Investigation Report ("PSR"), the United States believes that a sentence of imprisonment in the

1 middle of the applicable Guidelines range (rather than a sentence at the low end of the
2 Guidelines range, as recommended by the United States Probation Office ("USPO")) is
3 warranted. Defendant has previously been deported on two occasions and once sought refuge in
4 Mexico to avoid prosecution for the rape of his five year-old stepdaughter. Defendant returned
5 to the United States illegally, however, and was later convicted of that rape.

6 In addition to defendant's prior illegal re-entries into the United States, he sustained two
7 convictions stemming from his violent conduct. As described more fully below, in December
8 1992, defendant was arrested for raping his five year-old stepdaughter. In his post-arrest
9 confession, defendant, in essence, blamed his stepdaughter for the rape, stating that she provoked
10 him by playing with his penis. Defendant was sentenced to five-years imprisonment, but was
11 released in January 1996 and deported to Mexico. Defendant returned again to the United States
12 illegally and, in July 1999, defendant and his brother got into a fight with another individual
13 apparently about who was entitled to use a particular parking stall. Defendant and his brother
14 punched the other individual repeatedly and either defendant or his brother stabbed the
15 individual. Defendant again fled the scene, but was later arrested and convicted of a
16 misdemeanor battery.

17 In light of defendant's repeated violations of the immigration laws and prior violent
18 conduct, defendant should be sentenced to the middle of the applicable Guidelines range,
19 specifically, 64 months imprisonment.

## **ARGUMENT**

**I. PURSUANT TO THE SENTENCING GUIDELINES, DEFENDANT SHOULD BE SENTENCED TO 64 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE.**

23 The United States agrees with the Guidelines calculations set forth in the PSR resulting in
24 a total offense level of 21 and a criminal history category of IV, which results in a Guidelines
25 range of 57-71 months. PSR ¶¶ 24, 31. The United States recommends a sentence of 64 months
26 imprisonment, which is the middle of the applicable Guidelines range.

27 The applicable Guideline for illegal reentry offenses calls for a 16-level enhancement if
28 the defendant was previously deported subsequent to receiving a conviction for one of the

1  following: (1) a drug-trafficking offense with a sentence over 13 months, (2) a crime of
2  violence, (3) a firearms offense, (4) a child pornography offense, (5) a national security or
3  terrorism offense, (6) a human trafficking offense, or (7) an alien smuggling offense. U.S.S.G. §
4  2L1.2(b)(1)(A). Here, defendant's conviction for raping his stepdaughter qualifies as a crime of
5  violence. See, e.g., U.S.S.G. § 2L1.2, Commentary n. 1(B)(iii) (defining "crime of violence" to
6  include "forcible sex offenses," among other things); United States v. Medina-Maella, 351 F.3d
7  944, 947 (9th Cir. 2003) (holding that a conviction for violation of California Penal Code §
8  288(a) is "crime of violence"). When compared to other crimes that result in the 16-level
9  enhancement, such as drug-trafficking, or even other "crimes of violence," such as residential
10 burglary, defendant's rape conviction is significantly more egregious. Therefore, a sentence in
11 the middle of the applicable Guidelines range is more appropriate than a sentence at the low end
12 of the Guidelines range.

**II.  APPLICATION OF THE FACTORS IN 18 U.S.C. § 3553(a) DEMONSTRATES THAT A SENTENCE OF 64 MONTHS IMPRISONMENT AND THREE YEARS OF SUPERVISED RELEASE IS REASONABLE.**

15  The Supreme Court recently noted that the "Guidelines . . . seek to embody the § 3553(a)
16 considerations, both in principle and in practice." Rita v. United States, 127 S. Ct. 2456, 2464
17 (2007). These factors or considerations include the need for the sentence to promote respect for
18 the law, afford adequate deterrence, protect the public from further criminal conduct by the
19 defendant, and provide the defendant with needed training and medical care. 18 U.S.C. §
20 3553(a). The sentence recommended by the government achieves all of these sentencing goals.
21  Defendant has been deported from the United States to Mexico on two separate
22 occasions, in 1996 and 2001, both following felony convictions for which defendant was
23 sentenced to state prison. PSR ¶¶ 28, 30. Yet, defendant returned to the United States without
24 permission following both deportations. In addition, defendant admits that in early-1993, he fled
25 the United States to avoid prosecution for the rape of his five year-old daughter. Id. at ¶ 28.
26 After a few months in Mexico, however, defendant returned to the United States and was
27 arrested and convicted of the rape. Id.  A sentence of 64 months imprisonment will promote
28

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR-07-0809 DLJ                       -3-

1  respect for the immigration laws and afford adequate deterrence against defendant's repeated
2  violations of the same laws.

3        Additionally, as stated above, defendant has two convictions for violent crimes. PSR ¶¶
4  28-29.  In 1992, defendant raped his five year-old stepdaughter.  PSR ¶ 28; see also, Police
5  Reports filed under seal as Exhibit A.  When interviewed by the police, the victim described how
6  defendant penetrated her both vaginally and anally and how it hurt her.  Exhibit A at DGG-0239
7  - DGG-0244; DGG-0257.  A medical examination of the victim following the rape revealed
8  vagina trauma.  PSR ¶ 28; Exhibit A at DGG-0255.  The victim also stated that defendant
9  threatened to spank her if she told her mother about the rape.  Exhibit A at DGG-0244.  The
10 victim recalled a second incident in which defendant took his clothes off around her, but she did
11 not believe she had been sexually assaulted in the second incident.  Id.

12       Shortly after defendant was arrested for this rape, he fled to Mexico to avoid prosecution.
13  He returned, however, in April 1993 and was subsequently re-arrested.  Id. at DGG-0260.  After
14 defendant was re-arrested, he confessed and provided a graphic description of the rape.  Id. at
15 DGG-0262 - DGG-0264.  He stated that he attempted to penetrate his stepdaughter's vagina with
16 his penis, but was unable to do so.  Id.  He then attempted to penetrate her anus with his penis
17 and was able to do so after rubbing spit on his penis.  Id.  According to defendant, while he
18 anally penetrated her, the victim let out a scream and tensed up.  Id.  Defendant admitted that he
19 had also made the victim masturbate his penis while he was in the shower.  Id.  Defendant
20 blamed his stepdaughter for the rape, claiming that she provoked him by playing with his penis.
21 Id.  Defendant further admitted that he fled to Mexico to avoid prosecution for this rape.  Id.

22       It should also be noted that the "Mental and Emotional Health" section of the draft PSR
23 contained the following observation made by a California State Prison official in September
24 1993:

25 "During this interview, Gonzalez continued to hide behind the facade of innocence.  His
26 inability to accept his pedofilic (sic) tendencies underscores the desperate need this man
27 has to receive counseling to correct his emotional and sexual deficiencies.  Unless he first
28 comes to terms with his commitment offense and secondly dedicates himself to

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR-07-0809 DLJ                    -4-

understanding and dealing with his psychological problem, the likelihood that future acts of sexual misconduct with children will occur is reasonably certain." Draft PSR at ¶ 19. This paragraph was deleted from the final PSR pursuant to defendant's objection that the observation was made by a counselor rather than a mental health professional and that no such sexual misconduct has taken place since 1993. Regardless of defendant's objections, this observation emphasizes that defendant still failed to fully accept responsibility for the rape, even following his guilty plea. Although defendant sustained this conviction 15 years ago now, the seriousness of the offense and defendant's apparent refusal to accept responsibility for his actions should not be overlooked.

In addition to the rape, defendant was convicted of a misdemeanor battery in 1999 for an incident in which he and his brother beat and stabbed a man during a fight, apparently over a parking stall. PSR ¶ 29. Again, defendant fled, but was later arrested and convicted. Id.

A sentence of 64 months imprisonment, three-years supervised release, and a $100 special assessment is reasonable and appropriate to promote respect for the law, afford adequate deterrence, protect the public from further criminal conduct by defendant, and provide defendant with needed training.

**CONCLUSION**

For the foregoing reasons, the United States respectfully requests that the Court determine that defendant's Guidelines offense level is 21 and his criminal history category is IV. The United States further respectfully requests that, taking into consideration the sentencing factors set forth in section 3553(a), the Court sentence defendant to the middle of the of the applicable Guidelines range, namely, 64 months imprisonment, impose a three-year term of supervised

////

////

////

////

////

GOVERNMENT'S SENTENCING MEMORANDUM
No. CR-07-0809 DLJ                              -5-

release (under the terms and conditions recommended by the USPO), and order defendant to pay a $100 special assessment.

DATED: August 2, 2008                              Respectfully submitted,

JOSEPH P. RUSSONIELLO
United States Attorney

_____/s/_____
JAMES C. MANN
Assistant United States Attorney