BARRY J. PORTMAN
Federal Public Defender
JEROME E. MATTHEWS
Assistant Federal Public Defender
555 - 12th Street
Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500

Counsel for Defendant DAVID GARCIA GONZALEZ

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 07 00809 DLJ |
| Plaintiff, | DAVID GARCIA GONZALEZ'S SENTENCING MEMORANDUM |
| vs. | Date: August 8, 2008 |
| DAVID GARCIA GONZALEZ, | Time: 10:00 a.m. |
| Defendant. | |

**1. Preliminary Statement**

    David Garcia Gonzalez will stand before the Court on August 8, 2008, for sentencing on his plea to a single count of illegal re-entry by an alien following deportation. He first appeared in federal court on December 21, 2007, and has remained in custody since that time. Since the day of his initial appearance, Mr. Garcia Gonzalez has been prepared to accept the consequences of his actions. He has chosen not to contest the legality of his prior deportations or otherwise interpose a defense to the present charge. Mr. Garcia Gonzalez agrees with the probation officer's guidelines calculation and, for the reasons set forth in this brief sentencing memorandum, asks that the Court grant him a modest departure.

SENTENCING MEMORANDUM        1

**2. Background**

Following his deportation in January, 2001, Mr. Garcia Gonzalez lived in Valenciano, Michoacan, Mexico. He stayed there for about four years, returning to California in or about 2005. Since that time, he has worked at a number of jobs in an effort to support the family he left behind at the time of his deportation. He was arrested while fulfilling his registration requirements in Pittsburg, California.

**3. Sentencing Recommendation**

**I.**

**The Components of A Reasonable Sentence**

*United States v. Booker*, 543 U.S. 220 (2005), directs the sentencing court to impose an appropriate sentence, unencumbered by offense levels, criminal history, or the availability of authorized downward departures. Under the post-*Booker* discretionary sentencing regime, there is no longer any question that the advisory Guideline range is only one factor among several that this Court is required to consider in determining what constitutes a reasonable sentence. The Court is free to disagree with Guideline ranges and policy considerations. *See Kimbrough v. United States*, 128 S.Ct. 558, 57 (2007). While circuit courts of appeal may apply a presumption of reasonableness to sentences within the applicable Guidelines range, *Rita v. United States*, 127 S.Ct. 2456 (2007), the district court "does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." *Id.* at 2465. Nor is it required to use a formulaic approach yielding a mathematical justification of non-Guidelines sentences. *Gall v. United States*, 128 S.Ct. 586, 596 (2007). Rather, it must exercise "reasoned sentencing judgment, resting upon an effort to filter the Guidelines' general advice through § 3553(a)'s list of factors." *Rita*, 127 S.Ct. at 2469.

Sentencing discretion, therefore, is not a hollow term of art. The courts of appeal are limited to reviewing sentences for abuse of discretion and may not presume that a sentence which

may be much lower than that suggested by the Guidelines is unreasonable. *Gall*, 128 S.Ct. at 597.

18 U.S.C. § 3553(a), the wellspring from which a reasonable sentence must be drawn, "contains an overarching provision," *see Kimbrough*, 128 S.Ct. at 570, directing the district court to impose a sentence that is "sufficient, but not greater than necessary, to comply with" the purposes of sentencing. Section § 3553(a) (emphasis added). Those purposes include the need:

- to provide just punishment;
- to create adequate deterrence;
- to protect the public; and
- to provide the defendant with necessary treatment and training.

Section 3553(a)(2).

In sum, "th[e] mandatory system [embodied in § 3553(b)] is no longer an open choice." *Booker*, 543 U.S. at 263. Instead, the district court's duty is to impose the least amount of time necessary to achieve § 3553(a)'s purposes. The Guidelines range is subordinate to that duty. Whether styled as a guidelines departure, a variance or something else, Mr. Garcia Gonzalez believes that a sentence modestly below the low end of the guidelines range is appropriate and consistent with the directives of §3553(a).

## II.

### A. A Modest Departure or Variance is Just Punishment

Mr. Garcia Gonzalez does not gainsay his 1992 conviction. He does urge the Court to take note of the age of the conviction and the changes he has made in his life. As the government concedes, the conviction is fifteen years old. He has suffered no arrests or police contacts for the same or even similar conduct. Since that time, he has suffered only two convictions: one is an eight-year old misdemeanor battery conviction for which he received twenty days in the county jail; the other is a felony failure to register that also is eight years old. He has had no contacts with the criminal justice system since that time.

SENTENCING MEMORANDUM                 3

1    Mr. Garcia's life in Michoacan, Mexico also merits discussion. Michoacan is ground
2 zero in a brutal war between drug lords and the Mexican government. According to media
3 reports, 1,500 people were killed in 2006, the year after Mr. Garcia Gonzalez returned to the
4 United States. (National Public Radio, *Mexico's Drug Wars Leave Rising Death Toll*, found at
5 http://www.npr.org/templates/story/story.php?storyId=6113878,) As recently as two months ago,
6 drug hit men killed a mayor returning to his hometown in Michoacan State. (Article available at
7 http://mexicomonitor.blogspot.com/2008/06/hit-men-kill-mayor-in-drug-infested.html.)
8 Needless to say, the combination of crushing poverty and random murders fueled by a drug war
9 is not conducive to making any kind of life for one's self, much less making money to help a
10 family struggling to make ends meet in California. For these reasons, Mr. Garcia decided to take
11 his chances by returning home to his family.

12    This case also is unique in another, no less important aspect: Mr. Garcia Gonzalez's
13 status as an illegal alien came to the attention of law enforcement while he was complying with
14 the law. Since coming back to California in 2005, Mr. Gonzalez had complied fully with his
15 annual registration requirements. The process typically involved filling out paperwork and
16 submitting fingerprints at a police station. The police then would mail Mr. Garcia Gonzalez a
17 card that he was required to carry on his person. During his second annual registration in
18 December, 2006, police asked Mr. Garcia Gonzalez if he was an illegal alien. Mr. Garcia
19 Gonzalez honestly responded that he was. Then, in December, 2007, during what would have
20 been his third annual registration, Mr. Garcia was arrested on suspicion of illegal re-entry and
21 later questioned by ICE agents.

22    Most compelling, however, is the sheer amount of support Mr. Garcia Gonzalez enjoys.
23 As the probation officer notes, he has been married to Claudia Cardenas Garcia for almost eleven
24 years. (PSR, ¶ 36.) Together, they have three children. His family and friends have offered the
25 Court no less than twenty letters, each of which attests to Mr. Garcia Gonzalez's work ethic,
26

SENTENCING MEMORANDUM              4

devotion to his family and community, and his family's utter financial dependence upon him.[1]

For these reasons, Mr. Garcia Gonzalez does not believe that a guidelines sentence is appropriate. The 16-level enhancement, although applicable, overstates Mr. Garcia Gonzalez's culpability. Mr. Garcia Gonzalez does not need to be deterred from repeating the conduct that resulted in his 1993 conviction; the passage of fifteen years without a similar offense already speaks volumes. Moreover, it is more than simply ironic that Mr. Garcia Gonzalez came to the attention of ICE because he was complying with his registration requirements. Of course, he is not asking for an award for his honesty; by the same token, however, it is incongruous that an alien in his position who is attempting to comply with the law ought to be treated the same as an alien who is arrested for engaging in new criminal conduct following an illegal re-entry. Accordingly, Mr. Garcia Gonzalez asks that the Court sentence him at a level modestly below the low end of the applicable guidelines range.

**B. Adequate Deterrence and Protection of the Public**

A modest variance or departure will still achieve the sentencing goals of deterrence and protecting the public. Mr. Garcia Gonzalez recognizes that he cannot live in the United States, despite his desire to support his family. Accordingly, he intends to relocate his family to Mexico and not return. This stated intention more than satisfies the goal of deterrence.

Protection of the public should be less of a concern in this case. Although Mr. Garcia Gonzalez was sent to prison for failure to register in 2000, that crime is passive rather than active. Stated another way, that offense does not directly impact the public unless the putative registrant commits another crime that the registration requirements are designed to avert. In this case, Mr. Garcia Gonzalez's sole crime since 2000 is re-entering the United States illegally to find work and support his family.

---

[1] Copies of these letters are collectively attached as Exhibit A.

SENTENCING MEMORANDUM                5

1  **4. Conclusion**

2      For the reasons stated, Mr. Garcia Gonzalez respectfully requests that the Court grant him
3  a modest departure or variance, and sentence him below the applicable guideline range of fifty-
4  seven to seventy-one months.

5

6  Dated: August 4, 2008

7                                  Respectfully submitted,

8                                  BARRY J. PORTMAN
                                  Federal Public Defender

9

10                                 /S/

11                                 JEROME E. MATTHEWS
                                Assistant Federal Public Defender

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

SENTENCING MEMORANDUM               6